16-2022-CA-000013-XXXX-MA Div: CV-C

Filing # 141239925 E-Filed 01/03/2022 03:34:18 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

CRYSTAL GIBSON,

    Plaintiff,

v.                                            CASE NO.:

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, CRYSTAL GIBSON, an individual, by and through the undersigned counsel, files this Complaint against the Defendant, UNITED HEALTHCARE SERVICES, INC., a duly licensed and registered corporation to transact business in the State of Florida (hereinafter "the Defendant"), and alleges:

### Jurisdiction and Parties

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, attorneys' fees and costs.

2. Venue is proper in Duval County, Florida as the facts and circumstances which give rise to the cause of action asserted herein occurred in Duval County, Florida.

3. At all times material hereto, Plaintiff, CRYSTAL GIBSON (hereinafter referred to as "Plaintiff"), was a resident of Duval County, Florida and is otherwise *sui juris*.

4. Defendant, UNITED HEALTHCARE SERVICES, INC., (hereinafter referred to as "Defendant") is an insurance corporation registered and licensed to do business in the State of Florida and is doing business in Duval County, Florida.

1

5. Plaintiff has performed all conditions precedent prior to filing this suit, or such conditions have occurred

## General Allegations

6. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 5 of this Complaint, as if fully set forth herein.

7. The Plaintiff purchased and maintained a health insurance policy with Defendant. The Defendant issued a member health benefit plan assigning member number (12-467-412) to the Plaintiff pursuant to the policy. A formal copy of the Plaintiff's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). Moreover, a copy of the Policy was requested by Plaintiff prior to filing the suit. See: *Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital, Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3d DCA 1981) and *Sasche v. Tampa Music Co.*, 262 So. 2d 17 (Fla. 2d DCA 1972).

8. The Policy was issued by Defendant to Plaintiff to provide health insurance coverage which included, but was not limited to, coverage afforded to include medical emergencies.

9. On or about September 28, 2019, Plaintiff was evaluated at the Mayo Clinic ED where she complained of abdominal discomfort including heartburn and cramps and other symptoms of pain that had been ongoing for over a year.

10. On or about October 7, 2019, Plaintiff was diagnosed with *inter alia* Leiomyoma, also known as fibroids, is a benign smooth muscle tumor, in her uterus.

11. "Leiomyoma" is indicative of "Leiomyosarcoma," a rare type of cancer that begins in smooth muscle tissue. Leiomyosarcoma most often begins in the abdomen or uterus.

12. It was not until the performance of CT-scan and MRI on October 7, 2019, that Plaintiff's physicians were able to secure objective medical evidence of these potentially cancerous growths, at which point the specialist, Dr. Tri Dinh, recommended emergency surgical intervention to cure/alleviate the Leiomyoma and prevent it from turning into Leiomyosarcoma.

13. Dr. Dinh discussed surgical intervention including adverse and favorable outcomes. Considering the gravity of the situation, emergency surgical intervention was the best and only option to treat this condition. The alternative being a potentially slow and painful death.

14. The Plaintiff chose the logical option to undergo surgery.

15. Accordingly, Plaintiff was admitted to the Mayo Clinic on November 15, 2019, to undergo the emergency surgical procedure which was performed by Dr. Tri Dinh.

16. Prior to the November 15, 20219, date of service, Dr. Dinh submitted the appropriate paperwork for pre-authorization of this emergency procedure to the Defendant.

17. Defendant denied payment for this procedure via October 26, 2019, Notice of Determination, which Notice was received after the Plaintiff underwent the November 15, 2019, surgery, on the basis that the services provided were "out of network." A copy of the Oct 26, 2019, Denial is attached hereto as Ex. "A."

18. The treating physician appealed this erroneous decision. The Defendant doubled down on its position by rejecting the appeal via November 20, 2019, Decision on Appeal. The Defendant claimed, for the first and only time, that the decision was allegedly medically unnecessary. A copy whereof is attached hereto as Ex. "B."

19. Plaintiff met or had satisfied all the criteria for insurance coverage of the surgery. Nevertheless, Defendant denied coverage for the emergency Leiomyoma surgery.

## Count – Breach of Contract

20. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21. A valid contract exists between the parties, specifically, the insurance Policy.

22. Plaintiff has paid the premiums in exchange for a member health plan that provides medical benefits from Defendant.

23. The Defendant wrongfully denied coverage of the medically necessary procedure, which is the subject of this action.

24. Defendant breached and continues to be in breach of the above-described Policy's loss payment provisions by and through its continued failure to cover and issue full payment for the full amount of the above-described medical services that are covered under the insurance policy.

25. As a direct and proximate result of the Defendant's breach, the Plaintiff suffered out of pocket medical expenses and incidental expenses in addition to the pain and mental anguish.

26. The total out of pocket expenses incurred by Plaintiff that should have received coverage through the valid insurance policy is $55,948.42.

27. As a result of the Defendant's material breach of the insurance policy, Plaintiff has been forced to retain the services of the undersigned firm and Plaintiff is obligated to pay a reasonable fee for legal services. Pursuant to § 627.428 of the Florida Statutes and any other applicable Florida law, Plaintiff is entitled to recover all attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff, CRYSTAL GIBSON, respectfully requests this Court, exercise jurisdiction over this cause; enter judgment and award damages, with interest on any overdue amounts, associated with Defendant's breach of contract; enter judgment for costs and attorneys' fees pursuant to Section 627.428, Florida Statutes and grant any further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted on this 3rd day of January 2022.

**DAVID GRAHAM INSURANCE LAWYERS, P.A.**

*s/ Thomas Eross, Jr.*
Thomas Eross, Jr., Esquire
Florida Bar No. 91047
David Graham Insurance Lawyers, P.A.
210 E. Forsyth Street
Jacksonville, Florida 32202
Phone: (386) 454-5677
Primary: teross@dginslaw.com
Secondary: abarot@dginslaw.com
Attorney for Plaintiff